I'd like to say good morning to all of course and I hope everyone is safe during these trying times and hello to Mr. Orozco. I want to start off by saying and getting right to the point that without a doubt at least in our eyes appellate was denied due process and a fair trial and substantial rights to present a defense in this matter. I have a couple issues that I would like to in our moving papers but I want to focus on two primary issues right now please. Number one is which I find very interesting and I hope you guys do or everyone does is the issue pertaining to the not allowing the limiting jury instruction regarding the acquittal of Mr. Dredd in his first trial. As we all know now Mr. Dredd had a first trial where he was acquitted of two of the three counts the conspiracy charge and falsifying an official document which I believe is the whole issue in this case his February 26 2011 incident report and how that relates to the hung jury count in count three with lying or obstructing justice with the FBI. He was acquitted of the first two counts. Why is that relevant? That is relevant because the transcripts of the second trial and the motion in limiting rulings are very crystal clear that the government's whole theory and attack was the fact that Mr. Dredd lie in his first incident report. That was his only report that he no prior history no prior problems. Interesting he wrote his report first and without in any way collusion with any of the other deputies who were charged and tried and eventually convicted including Sergeant Gonzalez. But most importantly about that issue is the whole thrust of the second trial and one must ask what is the difference? What was the difference between the first and second trial? Well twofold and these are our two main arguments. Number one being that once requested and other conduct relevant conduct or not was introduced with respect to 404 ruling by the district judge then absolutely absolutely without a doubt the acquittal jury limiting instruction should have been tendered. What did the district judge rely on? The district judge relied on the Norgren case with all due respect to that case and I'm not trying to say it's not binding that was the 1950 case. 70 years ago that case ruled and without getting into it had to do with two things illegal phishing and bribery of a warden or state officer. With respect to that issue I could understand the difference between the Norgren ruling and the Dredd case. They're totally different. One can think they were not illegally phishing and also still believe if there is a problem going to try to bribe an official. The two are not matched together. That is different than Mr. Dredd's case, the appellant's case. In the appellant case everything everything alluded to in the second trial had to do with the fact of his false report in the first trial. That is unequivocal. There is no doubt about that. All of the issues with Sergeant Gonzalez and any lies or deceptions to the FBI or anything alluded to and interesting to note the actual incident report was introduced as an exhibit so everything related to that February of 2011 incident report but now the government is trying to say well we can get it into based on relevant conduct but a limited jury instruction is not appropriate. Interesting to note that with respect to and I wrote this down and I'm looking papers the second to last paragraph last sentence it says those decisions and they're citing their laws of other district courts because the Norgren case seems to be the only case on point as to this issue so they're citing to other district courts which is fine and I'm not arguing about that issue but if you read their last sentence those decisions unanimously hold that an acquittal may not ordinarily be introduced to suggest innocence right there they acknowledge the government that there is room and possibilities to in fact allow a limited jury instruction based on acquittal evidence or facts right there their own language in addition with respect to the evidence is not usually admissible exactly similar to the wording that I just cited from the government brief so both issues that I just brought up clearly denounce clearly announced that acquittal evidence in certain proper circumstances can be alluded to and referenced by the district judge especially just like in the case law cited by everyone in our moving breach collectively with when the evidence is introduced the court has a responsibility and duty the district judge of course to tell and inform the jury about the limiting fact in addition at closing time during jury instructions to again mention this important and critical fact everything about this case I'm a trial lawyer everything about this case had to do with did he lie did he lie did he lie and in this case it all goes back to the exact issue that I've mentioned about the fact about his initial and only incident report it is crystal clear that was the government's whole theory so again what changed between the two trials one the jury never was able to receive the most important and subsident fact that he was acquitted of the exact conduct that the government relied on I can't think of anything more unfair in a trial it's truly upsetting but besides that fact and trying to be so demonstrative about it the next issue is whether or not and now I'm going to transition into the second main point that we have is the rule under federal rules of the toll records and the communications between Sergeant Gonzalez and Mr. Dredd appellate interesting to note about this that was not the issue in the first trial in the second trial the government for the first time subpoenaed these toll records and had two separate FBI agents testify about the contents they had an exhibit which had the toll records the text the communications phone calls everything on a whole big chart that was introduced as an exhibit but when Mr. Dredd testified to explain the content of these particular communications between himself and Sergeant Gonzalez he was unable about the critical point of the conversations so under rule 610 of the evidence code it's interesting evidence of beliefs and opinions regarding religion are normally inadmissible that's not what happened here again the district court and in our opinion committed reversible error and misjudgment by ruling and I think her line was religion has no proper place here well that has nothing to do with that rule that rule has nothing to do with explaining the communications and the content of the text and phone calls between the sergeant and Mr. Sheriff Deputy Dredd and that's the difference we are not arguing or appellant is not arguing that we want to introduce religion into the everything else that he has done in his life up to that trial both the first trial and the second trial he comes from wonderful family his mother was a clerk for a district judge his father was a sheriff deputy who had high ranking and so he comes from a good family that was the credibility issue and the character witnesses it had nothing to do with religion the government says I know the district court didn't rule on it but it was hearsay and I think you respond to the brief that it's admissible under rule 801 can you explain that further I would be grateful to understand that argument yes thank you first of all we will submit that obviously there should be deference but in the totality of circumstances the court any court could take judicial notice of a fact that happened in a trial so we do not believe that it's hearsay we believe that it's relevant to provide the jury with the true foundation of what's happening during the proceedings and the substantive arguments by the the defense at that time and the merits especially when the government keeps on relating back to the relevant conduct issue and the reason why they believe it's admissible so we believe that there is no hearsay issue or rule and interesting to note and I'm not trying to say this is binding in any way because I expected that question in state court I practice in state court too there's law right on point that allows this exact type of evidence when the government seeks to introduce evidence of issues or conduct that somebody's already been acquitted there's no hearsay it's admissible I just wanted to throw that in there because I thought that was important but I understand the issue that the government says in their one or two sentences that hey no matter what it's still hearsay we're not offering it with respect to a hearsay argument we're offering it as to judicial notice and the district judge absolutely has the right to inform jurors about not only an acquittal and that's why by the way in other cases that this issue has arisen besides the case I started cited nor grin and the other districts obviously those cases that have the issue have gotten by the issue of hearsay those cases have ruled that it's interesting to me that what they have found is not really attacking the issue of the limited jury instruction what they have found is the fact that the due process rights of the defendant at the time of the trial were not violated so in combination it's crystal clear that mr dread did not receive a fair trial and this argument would be different if this was the verdict after the first trial it wasn't so something materially changed and his substantial rights were definitely violated and it's very troubling there are a few other issues such as you know you mentioned your honor suppose he had been it seems to me that that testimony would not have made a difference the testimony about the content of the conversation oh i i i do you mean he testified in general period did not correct and i think it was and so he so he would have said you know what we really talked about was you know that is relating to our mutual interest in religion i can't believe that that would have affected the verdict i understand that argument it was a little cut off your honor but i believe i understand what you were saying i understand that mr dread was allowed to testify to subject matters of what their conversations entailed in certain circumstances that had nothing to do with religion i agree with your honor however the main content and what was disallowed was that subject matter because you know frankly speaking and i always try to have credibility myself not always i do is when you're a juror and you see charts and you hear evidence about two grown men having 3 000 phone calls maybe 4 000 texts you might wonder wait a second that seems to be in a huge amount of communications that most people probably do not in you know develop but that's the other issue with respect to allowing allowing which was objected to these toll records that went from 2010 to 2015 instead of the critical time period of february 2011 to july of 2012 the fbi interview so again not only was the district judge wrong in not allowing the content now i agree i agree if you take that issue exclusively i would agree with your honor that that point alone does not connotate you know hey listen i'm gonna find someone guilty or not guilty but in combination with everything else we have articulated in our moving papers and i just wanted to say one thing about hearsay how come the district judge allowed the hearsay reports of the other testifying deputies when clearly they testified the report should not have been admitted so i see i'm running out of time only i mean almost and i'd like to reserve a little time that i believe i have so i will submit on that and if there's any specific question of course i'm here to respond thank you thank you mr flair you're welcome the way the way this courtroom clock works when your time's up starts to run upwards so that's over time so you just about were exactly on the money on your time so although your time for rebuttal was consumed i'm going to give you an extra two minutes for thank you thank you well if before you sit down if judge carmen or judge lee have questions now they they could pose i ask you about your acquittal argument there's a supreme court case called the ash versus wenson which is a kind of collateral estoppel argument which says that if a jury acquitted on charge a and decided certain facts that are necessary to charge b the government can't go ahead with charge b you're not making that argument here are you and that's a great point that's why i did not allude today in my two main arguments about the constructive amendment argument that we also alluded to in our moving papers i wanted to your honor is correct about that that's not a the main thrust of our argument of course are you arguing it at all i didn't notice i i mean i with all due respect i had a problem with the constructive amendment because i'm trying to merge that with the collateral estoppel issue but i know that this matter was sent up to the ninth circuit for the interlocutory appeal and of course reading everything about that i understood that so i'm not limiting the ash matter i'm just going back to the main thrust that in this particular matter is the great example of the exception of when acquittal evidence should be introduced in the limiting jury instruction and the fact that the norgren case that everyone has relied upon especially in the ninth circuit and the district judge in this case that case is that you know i don't want to use the word archaic because i don't want to be disrespectful to the age of 70 but at the same time i think we need some fresh ruling on this specific issue and i think this is the text case for that to be implored upon thank you thank you mr you're welcome so we'll give you two minutes in rebuttal so now we'll proceed to the government's argument mr roscoe thank you your honor and may it please the court agustino roscoe for the united states i'm going to begin by addressing a defendant's argument with respect to the district court's ruling limiting his testimony about religious conversations uh with sergeant gonzalez the district court uh did not abuse its discretion in emitting this testimony under federal rule of evidence 403 uh the pulpit value of this testimony was low and that it didn't go directly to an element of the offense and on the other hand the danger of unfair prejudice was high because the testimony about these religious conversations would appeal to the jurors of religious beliefs whether they agreed with the defendant's religious beliefs or not and uh posed a potential for the jurors making improper decisions in the trial now the record in this case demonstrates that defendant repeatedly tried throughout trial to use religion to boost his credibility defense counsel argued that he was a church-going man and that the jury should consider his character and that's at gr 876 his pastor testified about his character and that's at gr 6763 in addition the defendant himself testified about his own values that he has good morals and that he was descendant of preachers and teachers that's at gr 618. in addition when defendant was talking about his educational background he said he was getting an mba at biola but went on to explain that biola is the bible institute of los angeles and that he really wanted to study theology that's at gr 625 and so defendant tried to testify further about his religious beliefs in his communications with gonzalez he managed to testify that uh defendant and gonzalez had a bible study together and that the bible was his source of strength that's at gr 676 to 77. now by looking at the way the questions were asked and the way defendant answered the record demonstrates that defendant was simply trying to appeal to the jurors religious beliefs in doing so. defendant testified first that in july 2012 he was relieved from the sheriff's department and the very next question is how did your relationship change referring to his relationship with sergeant gonzalez to which the defendant responded he asked me what my source of strength was and i told him to which the or did you start talking more and he said we started having bible studies because the gospel was my source of strength so the defendant repeatedly was trying to interject not the contents of the conversation but that the bible was his source of strength and in any event in any event there was no different defendants constitutional argument no defense was actually excluded defendant was allowed to testify that these conversations with in fact he did testify that the conversations had nothing to do with the los angeles sheriff's department at all that's at gr 679 and then defendant testified at length about his relationship with gonzalez he testified that it started off as a professional relationship that it evolved into a mentor mentee relationship and that eventually blossomed into a full friendship and that's at gr 676 he testified that he spoke with gonzalez when gonzalez's home was searched in december of 2013 that's at gr 680 and he testified that he had a girlfriend at the time that was friends with the gonzalez family and that his relationship with sergeant gonzalez continued in 2015 coincidentally about a month before sergeant gonzalez's trial for this very incident that's at gr 680 to 84 but more importantly that was not defendant's main defense at trial defendant's main defense wouldn't it uh at least provide some context to the number of conversations with sergeant gonzalez that they were talking about religion you know people a lot of times rely on religion during times of distress so wouldn't that give at least some context of why the number of communications increased during the time that he was under investigation and so the government is not arguing that they're not without any relevance the government can see that they're at least minimally relevant but what the government is arguing that this accord did not abuse of discretion and finding that the prejudicial value that the unfairly that those communications were unfairly prejudicial on weight against uh limited um um value that those statements provided to the jury if you were trying to testify saying you know i would never lie because it's against my religion i would agree with you but just allow one question one answer to say the context of the discussions were uh about religion and how i cope i don't see how that's prejudicial uh in any way in fact to leave the jurors impression that they were quote unquote about personal matters kind of cast doubt on his credibility you know i mean what were they talking about the yankees and it doesn't it during the time that he was under investigation i think raises some doubts about the credibility of his uh testimony so it seems like judge should have allowed maybe one question one answer with respect to what the content was and don't let uh mr grant and try to kill the lily or or go over the top about it but you know at least provide some context and he did provide context your honor he testified that um yeah he had bible studies with sergeant gonzalez but the defendant took it a step further and said that his bible was his source of strength which is clearly appealing to the juror's sensitivity with respect to religion and defendant was allowed to testify at length about his relationship with sergeant gonzalez and how that relationship had nothing to do with the career incident and how these communications had nothing to do with the career incident and in any event that wasn't even his main defense at trial and his main defense at trial was that he was mistaken about what happened in the break room in february of 2011 and he was misled by sergeant gonzalez to believing his statements to the fbi were true at the time he gave it to them and he testified extensively about that and at that ger 680 to excuse me at that gr 632 to 650 defendant even put on expert testimony by an expert on memory who testified that uh sergeant gonzalez's aggressive questioning could have planted these thoughts into defendant's head so in terms of defendant uh putting on a defense he put on his main defense at trial not only through his own testimony but through the testimony of this expert witness and uh even if the court did error any error was harmless as judge corman pointed out there was extensive evidence in this case that defendant lied to the fbi during his july 2012 interview and the key evidence is the stark contrast between what defendant told the fbi on that day and what actually happened in that break room defendant told the fbi during his july 2012 interview that he remembered seeing gabriel carillo that he saw gabriel carillo swing at a deputy and try to push past the deputy to try to escape the break room that he saw gabriel carillo punch deputy luviano in the chest and that he saw gabriel carillo punch deputy luviano with his right arm and that false narrative that false narrative about gabriel carillo being the aggressor in that break room that day was a narrative that was consistent across all of the false reports by all the deputies who are working to conceal the beating of gabriel carillo in fact it was consistent with his own report that noted the punch to get to luviano's chest and noted the attempt to escape the break room his report is at er 737 and that is in stark contrast that false narrative of carillo being the aggressors in stark contrast to this to the testimony of gabriel carillo himself and the two cooperating deputies who testify that carillo was handcuffed throughout the entire assault that carillo never tried to push past the deputy that carillo never swung at a deputy that carillo never tried to break the risk never tried to escape the break room that carillo never punched deputy luviano in the chest and that carillo um didn't punch anybody with his right arm it was simply impossible because he was handcuffed and getting beaten and pepper sprayed and beating again on the floor of that break room and that's corroborated by the photograph of cable of gabriel carillo after the fact and the photograph of his wrist showing that they were both swollen and bruised um from being handcuffed throughout the assault how do you account for his acquittal his prior acquittal you know your honor we can only speculate as to what led to the first jury's decision all we know is that the evidence presented in this case and uh the the jury only took about an hour to convict in this case and so that demonstrates that the evidence in the second trial was overwhelming with respect to his guilt um with respect to his life to the fbi in july 2012 do you agree that the evidence in this case was similar if not identical to the evidence on the charges that he was acquitted yes your honor the the evidence uh in this case was similar to the evidence presented in the first trial where the two acquittals came down more or was it identical it was well the changes were made to the second trial but to say that they're identical and they're apples and apples it is not necessarily probably true but it is very similar to what happened in the first trial so i could not hear judge corman's last comment i asked whether it was identical or just simply similar i believe okay thank you and how do you how do you distinguish this case then from ash versus swenson your honor prior uh to the second trial the defendant did uh take up the issue of collateral up to the ninth circuit and the ninth circuit did decide during that interlocutory appeal that defendant could be retried uh with respect to uh this third count the third count of the charges under 1001 for his life to the fbi so that issue has been litigated and decided with respect to defendant's arguments that uh that the acquittals in the first trial should be admitted that's been decisively decided by this court in nordgreen this gordon this court held in nordgreen that evidence of an acquittal is simply without value uh because if you don't know what considerations uh the first jury took in making its decision in the first trial and it would only serve to confuse the jury um defendant doesn't raise any issues in his papers or any any reason his papers are any reasons now as to why nordgreen needs to be revisited or why a carve-out should be created for this case in fact uh defendant's inside any law from any circuit which allows um uh evidence of an acquittal to come in what is what is decided is that in the not admissible is uh the evidence of the acquittal itself um and that's conclusively decided in nordgreen and that rule makes sense because an acquittal is not a finding of fact it's more prejudicial than probative and it's hearsay so you can't take judicial notice of an acquittal as defense counsel would think the court because it's simply just not a fact it's something that happened in the previous trial but we can only speculate to what the that acquittal in that case defendant tries to differentiate nordgreen by saying it was totally different it's the exact same issue that happened here defendant was acquitted on a different charge in a previous case the exact same evidence came in through the testimony of the same witness and uh the court ruled that the evidence of the acquittal did not come in despite the fact that testimony from the first trial again came in in the second trial so with respect to nordgreen there's no reason uh to revisit nordgreen nordgreen is good law in fact all the circuits point to the decision that uh previous acquittal uh simply doesn't come in in the subsequent trial uh and there's there's no this uh uh to revisit that decision or uh to to create a carve out uh under the circumstances in this case and with that um the court has no further question uh i will yield my time yeah i have no question but let me ask judge corman or judge lee if either of you have questions hearing none we'll proceed to mr flyer who we've to whom we've given an extra two minutes of argument thank you ron thank you you know with all due respect to the government i was a prosecutor they missed the point of the argument they mentioned just now to this panel about a conspiracy about falsifying a report they mentioned to the exact issues as they always have as to the conduct that he was acquitted to and as judge corman correctly pointed out this trial was identical to the first trial so what is the difference the only difference i could see is the toll record chart so it is identical so what is the difference the difference is do you allow the substantive right of a defendant a deputy sheriff to present a defense i.e the limited jury instruction first the toll records that's the only issue i see so with respect to the ash matter that has been alluded to there's no language in that case that says anything about nor grin and or a limited jury instruction the government cannot have it both ways they cannot say we're going to allude to a false report and a conspiracy but not allow the defendant his substantive right to introduce the acquittal evidence as that evidence is being introduced and as judge lee correctly points out we are not arguing that religion should come in on all trials but in this case this isolated case when you have all of these texts all of these phone calls one or two questions about the content of a majority of the calls should have been allowed and that conduct deal content deals directly with religion and as judge lee points out i'm sure they were not talking because i'm in los angeles about the dodgers losing last night so i don't understand how they can have it both ways he did not get a fair trial and it's upsetting because what's the difference from the first trial and the second well i'll tell you the district judge's rulings that were unfair and in combination we have shown this is not harmless error this is prejudicial error and i will submit on that unless there's other specific questions that i could answer thank you counsel you're welcome i'm afraid you're over the extra time i understand very much appreciated your argument thank you however if there's any question from any of the other judges we'll go further but i i have one question myself the government argued that the was there was an interlocutory appeal which it felt dealt with the ashley swenson issue and said we had ruled this couldn't proceed so how do you respond to that that question to me your honor to you yes yes that has nothing to do with the issue the issue of proceeding i accept the ruling by of course your circuit the ninth circuit and what happened in the interlocutory appeal but that has nothing to do with the issue of nor grin which i believe is way outdated law and certain exceptions that can be shown if appropriate on an ad hoc basis the fact that the trial was allowed to commence as to count three and there was no collateral stop oh i'll even throw in res judicata it doesn't matter that has nothing to do with the issue of giving notice to a jury of the acquittal evidence based on a limited jury instruction that is totally fair and was proper to do how can a jury rely on information of relevant conduct which was the predicate of the whole case with my question i've taken you way over your time so i understand unless my colleagues have questions we'll submit this case okay hearing none the dread case shall now be submitted and uh parties will hear from us of course i think before we proceed to del rio i think i would after that break which will require an hour of argument
judges: Gould, Korman, Lee